UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMAS EDWARD MORTON,            :
                                 :
            Petitioner,          :
                                 :
    v.                           :   Civil Action No.  06-0035 (JR)
                                 :
UNITED STATES PAROLE             :
COMMISSION,                      :
                                 :
            Respondent.          :

## MEMORANDUM OPINION

This matter is before the Court on consideration of petitioner's petition for a writ of habeas corpus.[1]  The petition will be dismissed as moot.

BACKGROUND

Petitioner had been released on parole on October 11, 2002. *See* Resp't Mem., Ex. M-3 (Warrant Application dated 11/5/03).[2]

---

[1]  The petition originally was filed in this district. Because petitioner was incarcerated at the Rivers Correctional Institution in Winton, North Carolina at that time, the Court transferred the action to the United States District Court for the Eastern District of North Carolina.  *See Morton v. United States Parole Comm'n*, Civil Action No. 04-1499 (D.D.C. Sept. 1, 2004)(transfer order).  By the time the matter was briefed fully, petitioner had been released on parole and had returned to the District of Columbia.  Accordingly, the case was transferred back to this district.  Although petitioner has not notified the Clerk of Court of his change of address, court staff contacted his parole officer by telephone and confirmed that he currently resides in the District of Columbia.

[2]  The abbreviation "Resp't Mem." refers to the memorandum of points and authorities in support of respondents' motion to dismiss or for summary judgment filed while the case was pending
(continued...)

On November 5, 2003, the United States Parole Commission ("Parole Commission") issued a warrant for petitioner's arrest for alleged violations of the conditions of his parole release.  *Id.*, Ex. M-1 (Warrant).[3]  Specifically, petitioner tested positive for cocaine on 16 occasions, he failed to report for drug testing on 7 occasions, and he failed to report with his parole officer as scheduled on more than 2 occasions.  *See id.*, Ex. M-3. Petitioner initially was found eligible for an expedited parole revocation procedure, pursuant to which he admitted his guilt to the charges and agreed to serve a term of 8 months' incarceration.  *See id.*, Ex. O (Jan. 28, 2004 Memorandum regarding Expedited Revocation Procedure).  Subsequently, it was determined that petitioner had been arrested by Metropolitan Police Department officers on December 23, 2003 and had been charged with possession with intent to distribute crack cocaine. *Id.*, Ex. P (Feb. 20, 2004 Memorandum and MPD Arrest/Prosecution Report).  The Parole Commission supplemented the charges against him and voided the expedited proposal.  *Id.*, Ex. Q (Warrant Application Supplement dated Feb. 20, 2004), R (Letter from USPC

---

[2](...continued)
in the United States District Court for the Eastern District of North Carolina.

[3]   The abbreviation "Resp't Mem." refers to the motion to dismiss or for summary judgment filed while the case was pending in the United States District Court for the Eastern District of North Carolina.

Case Analyst dated Feb. 20, 2004).  After having conducted a revocation hearing, the Parole Commission revoked petitioner's parole and ordered that he serve a term of 23 months' imprisonment.  *Id.*, Ex. S (Hearing Summary), T (Notice of Action dated May 27, 2004).  His presumptive release date was November 22, 2005.[4]  *Id.*, Ex. T.

## DISCUSSION

In this action, petitioner challenges the imposition of a 23-month term of incarceration upon revocation of his parole rather than the 8-month term recommended as a part of the expedited revocation procedure.  Service of the 23-month term, he argues, extended beyond his mandatory release date.  In addition, he alleges that the Parole Commission either ignored witness testimony or relied on unreliable evidence in reaching its revocation decision.  *Id.*

The Court need not reach the merits, however.  Having served the parole violator term, petitioner has been released from custody.  This intervening occurrence renders the petition moot. *Lane v. Williams*, 455 U.S. 624, 631 (1982) (attack on sentences which expired during course of habeas proceedings rendered case moot); *Kimberlin v. United States Parole Comm'n*, No. 03-5017, 2004 WL 885215 at *1 (D.C. Cir. Apr. 22, 2004) (finding moot a

---

[4]    According to the Bureau of Prisons Inmate Locator (www.bop.gov), petitioner was released on November 18, 2005.

habeas petition challenging Parole Commission's decisions to revoke parole and to delay reparole because petitioner had been "released from the confinement imposed as a result of those decisions"); *Thorndyke v. Washington*, 224 F.Supp.2d 72, 74 (D.D.C. 2002) (petitioner's claim of unlawful custody before his revocation hearing and findings of fact on charge of parole violation found moot after issuance of corrected Notice of Action).

Accordingly, the petition must be dismissed as moot. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

JAMES ROBERTSON
United States District Judge